UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAVID LAPELL                                                          CIVIL ACTION

VERSUS                                                                     NO. 04-742

BURL CAIN, WARDEN, LOUISIANA                              SECTION: "N"(3)
STATE PENITENTIARY

### REPORT AND RECOMMENDATION

On February 9, 2006, the United States Fifth Circuit Court of Appeals remanded this matter to this Court for a determination of whether petitioner's *pro se* notice of appeal was timely filed.[1] The Court of Appeals noted that the notice of appeal would be considered timely filed if it was deposited in the prison's internal mail system on or before December 5, 2005. The United States District Judge referred this matter to the undersigned United States Magistrate Judge.[2]

---

[1] Rec. Doc. 22.

[2] Rec. Doc. 23.

Petitioner was ordered to file with this Court an affidavit stating when he delivered the notice of appeal to prison authorities for mailing.[3] Petitioner has complied with that order, filing a notarized affidavit in which he swears under oath:

> I am the defendant-petitioner in the case of Lapell v. Cain, Docket No: 04-742. Under the penalty of perjury, I swear that on December 5, 2005, I gave my Notice Of Intent and Motion for Certificate of Appealability" to Classification Officer, Mr. Johnny Joseph to be mailed to the United States District Court, Eastern District of Louisiana. This fact can be verified by referring to the Department of Public Safety and Corrections, Corrections Services, Inmate Fund Withdrawal Request dated December 5, 2005, which is in the administration files.[4]

The respondent was also advised to file with this Court any evidence it wished the Court to consider on this issue.[5] The respondent has filed no such evidence.

Considering petitioner's affidavit, the veracity of which this Court has no reason to doubt, and the failure of the respondent to provide any evidence showing that the notice of appeal was not timely filed, the undersigned finds that petitioner's notice of appeal was timely filed on December 5, 2005.

## **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that petitioner's notice of appeal be held to be timely filed.

---

[3] Rec. Docs. 24 and 25.

[4] Rec. Doc. 26.

[5] Rec. Docs. 24 and 25.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-seventh day of April, 2006.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**